THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: September 26, 2016



Susan V. Kelley
Chief United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| IN RE: **JEFFREY A. SVRCEK** | Case No. 11-24278 SVK |
| | Chapter 13 |
| Debtor. | |

**ORDER DENYING TRUSTEE'S MOTION TO DISMISS**

The Chapter 13 Trustee, having filed her Motion to Dismiss, and the Debtor, having filed an objection to such motion, the Court conducted a hearing on September 20, 2016, with Attorney Luke Witte appearing for the Debtor by telephone and Mary B. Grossman, Chapter 13 Trustee, appearing. For reasons set forth in the recording of the hearing,

**IT IS HEREBY ORDERED THAT:**

1. The Trustee's Motion to Dismiss is denied.

2. On or before November 30, 2016, the Debtor shall pay to the Chapter 13 Trustee at PO Box 730, Memphis, TN 38101-0730 an amount sufficient to complete his Chapter 13 plan.

3. Should the Debtor fail to complete his Chapter 13 plan on or before November 30, 2016, the Trustee may submit an Affidavit of Default and a proposed Order Dismissing Case.

Drafted by:
Mary B. Grossman, Chapter 13 Trustee
PO Box 510920
Milwaukee, WI 53203
(414) 271-3943
info@chapter13milwaukee.com

4. The deadline referred to in the above paragraph will be strictly enforced. **If the Debtor needs relief from the deadline for completing his Chapter 13 plan, the Debtor should seek relief from the deadline before the Trustee files an Affidavit of Default. If, however, the Trustee has filed an Affidavit of Default and the Debtor objects to such Affidavit, the Debtor shall file the objection within 7 days after the Trustee has filed the Affidavit of Default and should file the objection only if the Debtor can prove either (a) that there was no default or (b) that extraordinary circumstances existed.**

5. Denial of this Motion to Dismiss is without prejudice to the Trustee's right to file a subsequent Motion to Dismiss when appropriate.

# # # # #