United States Bankruptcy Court
For the Eastern District of Wisconsin

In Re:  
    Jeffrey A. Svrcek

Case No. 11-24278-SVK

Chapter 13

## Affidavit and Request for Release Of Unclaimed Funds

Dilks & Knopik, LLC as assignee to LHR Inc. (who is a claimant in the captioned case) respectfully states and requests the following:

1. LHR Inc. was a creditor of the Debtor and was entitled to receive and the trustee did, in fact, make a distribution from the estate to LHR Inc. in the amount of $274.61, which is the sum of all monies deposited.

2. Pursuant to 11 U.S.C. Section 347, ninety days after the final distribution of the assets of the estate, the distribution had not been negotiated and the unclaimed funds were paid into the court.

3. The creditor did not receive the dividend check in the above case for the following reason:

    Dividends were not collected by the creditor, LHR Inc.. LHR Inc. has transferred and assigned the rights of the claim to Dilks & Knopik, LLC as evidenced by the Transfer of Claim filed on 09/16/2016 (docket number #85).

4. The claimant's current mailing address is:

    | |
    |---|
    | Dilks & Knopik, LLC as assignee to LHR Inc. |
    | 35308 SE Center Street |
    | Snoqualmie, WA 98065 |
    | 425-836-5728 |
    | Last four digits of SS#/Tax ID: 9851 |

5. Pursuant to 28 U.S.C. Section 2024, the claimant requests that the Court issue an order directing payment of the unclaimed funds in the amount of $274.61 to the Claimant, Dilks & Knopik, LLC and mail it to 35308 SE Center St, Snoqualmie, WA 98065.

Dated: October 28, 2016

Brian J. Dilks, Managing Member
Dilks & Knopik, LLC
As assignee to LHR Inc.
35308 SE Center St
Snoqualmie, WA 98065

State of Washington)
County of King)

On **10/28/16** before me, Brian J. Dilks, personally appeared, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person (s) whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or entity upon behalf of which the person acted, executed the instrument. WITNESS my hand and official seal.

Signature
       Andrew T. Drake, Notary Public
My commission expires on September 9, 2019

United States Bankruptcy Court
For the Eastern District of Wisconsin

In Re:　　　　　　　　　　　　　　　　　Case No. 11-24278-SVK
　　　Jeffrey A. Svrcek
　　　　　　　　　　　　　　　　　　　　Chapter 13

**Affidavit of Mailing**

　　　NOTICE IS HEREBY GIVEN that on October 28, 2016, I deposited in the Post Office in the City of Issaquah, State of Washington, securely enclosed in a sealed envelope, a true and correct copy of:

　　　Affidavit and Request for Release of Unclaimed Funds

To:　United States Attorney　　　　　　United States Bankruptcy Court
　　　Eastern District of Wisconsin　　　　Eastern District of Wisconsin
　　　530 Federal Building　　　　　　　　126 US Courthouse
　　　517 East Wisconsin Avenue　　　　517 East Wisconsin Avenu
　　　Attn: Susan M. Knepel　　　　　　　Attn: Loretta Gordon
　　　Milwaukee, Wisconsin 53202　　　　Milwaukee, WI 53202

Dated: October 28, 2016

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Brian J. Dilks, Managing Member
　　　　　　　　　　　　　　　　Dilks & Knopik, LLC
　　　　　　　　　　　　　　　　35308 SE Center St
　　　　　　　　　　　　　　　　Snoqualmie, WA 98065

Dilks & Knopik

*When Success Matters*

**Brian Dilks**
Managing Member

35308 SE Center Street
Snoqualmie, WA 98065
Ph. 877-836-5728 x 101
Fx. 877-209-8249
brian.dilks@dilksknopik.com

www.dilksknopik.com

# Dilks & Knopik

## Statement of Authority

The undersigned being duly sworn, states that the below listed individuals are authorized to execute all claim documents on behalf of Dilks & Knopik, LLC, and its subsidiaries, as required for any and all claim(s) submitted for Unclaimed, Lost or Abandoned Property on the Company's behalf.

**Brian J Dilks – President – Managing Member**

**Jeff Hudspeth – Vice President – Sales**

**Andrew Drake – Vice President – Operations**

Dilks & Knopik, LLC

Caryn M Dilks
Managing Member
35308 SE Center Street
Snoqualmie, WA 98065
425-836-5728 x101

Subscribed and sworn to me this Wednesday, May 11, 2016

Notary Signature _____

Printed Name: Andrew T. Drake

My Commission Expires: 9/9/19





35308 SE Center Street
Snoqualmie, WA 98065

Phone 877-836-5728
Fax 800-000-0000
Email admin@dilksknopik.com

www.dilksknopik.com

United States Bankruptcy Court
For the Eastern District of Wisconsin

In Re:  
    Jeffrey A. Svrcek

Case No. 11-24278-SVK

Chapter 13

## Order Directing Payment of Unclaimed Funds

The amount of $274.61 was deposited into the Registry of the United States Bankruptcy Court on 09/14/2016, as unclaimed of LHR Inc..

On October 28, 2016, an Affidavit and Request for Release of Unclaimed Funds and an Affidavit of Mailing confirming that notice was provided to the Office of the United States Attorney, were filed with this court.

Therefore:

IT IS ORDERED that the Clerk of the United States Bankruptcy Court pay $274.61 to Dilks & Knopik, LLC, 35308 SE Center St, Snoqualmie, WA 98065.

Dated at Milwaukee, Wisconsin, this _____ day of _____, 20_____.

_____  
United States Bankruptcy Judge

# DILKS & KNOPIK, LLC

"When Success Matters"

October 28, 2016

RECEIVED - MAIL
2016 NOV -1 A 10: 24
US BANKRUPTCY COURT
EASTERN DISTRICT OF WI

United State Bankruptcy Court
Eastern District of Wisconsin
126 US Courthouse
517 East Wisconsin Avenu
Attn: Loretta Gordon
Milwaukee, WI 53202

RE: Application for the Release of Unclaimed Funds

Dear Ms. Gordon:

I am applying to the US Bankruptcy Court, Eastern District of Wisconsin for the release of the unclaimed monies due and owing to Dilks & Knopik, LLC as assignee to LHR Inc. for the amount of $274.61. This is from the Bankruptcy of Jeffrey A. Svrcek and Case No. 11-24278-SVK.

Thank you for your attention to this matter.

Sincerely,

Brian J. Dilks

35308 SE Center St
Snoqualmie, WA 98065

Phone (425) 836-5728
Fax (877) 209-8249
Email admin@dilksknopik.com

www.dilksknopik.com

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District Of Wisconsin

In re   Jeffrey A. Svrcek   ,   Case No.   11-24278-SVK

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| Dilks & Knopik, LLC | LHR Inc. |
|---|---|
| Name of Transferee | Name of Transferor |

Name and Address where notices to transferee Should be sent:

35308 SE Center Street
Snoqualmie WA 98065

Court Claim # (if known):   5
Amount of Claim:   $2632.37
Date Claim Filed:   07/11/2011

Phone:   425-836-5728
Last Four Digits of Acct #: _____

Phone:   716-648-3240
Last Four Digits of Acct #: _____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #: _____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By:   /s/ Brian J Dilks - President   Date:   9/16/2016
       Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 & 3571.

Purchase and Assignment Agreement

This Purchase and Assignment Agreement (the "Agreement") is entered into as of Wednesday, September 14, 2016 (the "Effective Date") by and between Dilks & Knopik, LLC, a Washington Limited Liability Company, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and LHR Inc. with an address of 3176 Abbot Rd, Orchard Park, NY 14127 (the "Assignor").

1. Recitals

   1.1 Assignor is/was a properly named and lawful creditor in Jeffrey A. Svrcek (11-24278-SVK) as filed in the Eastern District Of Wisconsin (the "Case"). As a creditor in the Case, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the amount of $274.61 (the "Funds"). Remittance to Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

   1.2 Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does sell, assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

2. Assignment of Interest.

   2.1 *Assets Assigned*. The assets herein are assigned to Assignee are those stated in paragraph 1.1 above, or if more than one creditor claim was made in the Case those identified in Schedule 1, attached hereinto and incorporated by reference, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1.1 in the Unclaimed Funds Registry.

   2.2 *Assignment of Interest*. As herein contemplated, Assignor, without recourse, hereby does sell, assign, transfer and convey all of Assignor's rights, title, and interest in the Funds, in an AS IS basis, for good and valuable consideration without undue influence or coercion, and of his/her/its free will. In the interest of consummating this Agreement, both parties do acknowledge and agree to fulfill their obligations herein to affect the lawful assignment, transfer, and conveyance of the Funds to Assignee, who thereafter shall be the sole and lawful owner of the Funds having all right, title, and interest to the same.

   2.3 *Consideration*. The consideration herein given by Assignee to Assignor shall be the sum of $▓▓▓▓, to be paid by any lawful tender upon execution of this Agreement, receipt of the Funds, and fulfillment of the obligations hereunder.

   2.4 Further Consideration. As further consideration, Assignor shall be entitled to ▓ of any additional amounts recovered by Assignee over and above the Funds, or asset(s) herein assigned, if any. Assignor does however understand and acknowledge that payment of any further consideration that Assignor may be entitled to under this Agreement is only a contingent interest and is not guaranteed; is not to be considered or used to further an invalidation of this Agreement or the assignment herein contemplated; and is not a grant of any rights, additional rights or reservation of rights in the asset(s) herein assigned to Assignee.

   2.5 *Power of Attorney*. To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC as its attorney-in-fact.

3. Closing. The closing of the transaction herein contemplated shall be done immediately upon fulfillment of each parties obligations hereunder, or on such other date as the parties may agree (the "Closing Date"). At the closing, Assignor shall deliver an original of this Agreement and such other documents as may be required to consummate this transaction, and Assignee shall deliver a countersigned Agreement and any other document(s) requiring countersignature, and the consideration contemplated herein. Any closing costs shall be paid by the party incurring such costs.

## 4. Representations and Warranties.

4.1 *Assignor*. Assignor does hereby represent and warrant that (a) he/she/it is legally competent to execute this Agreement, and has full power, authority and legal right to execute, deliver, and perform as agreed under this Agreement, (b) that he/she/it is the sole and lawful entity entitled to the Funds herein assigned to Assignee, (c) that he/she/it has not otherwise pledged, sold, assigned, transferred, or conveyed the interest herein assigned to Assignee to any other party, person or entity, in whole or in part, providing such proof as may be necessary (d) that he/she/it is not involved in any legal proceeding that may affect any right to sell, assign, transfer or convey to Assignee the interest in the Funds herein contemplated, (e) that he/she/it performs under this contract without undue influence or coercion on the party of the Assignee or any other party, and (f) that he/she/it shall cooperate with Assignee to fulfill his/her/its obligations under this Agreement and to Assignor, including execution of this Agreement and such other documents as may be necessary to effect the assignment to Assignee without delay.

4.2 *Assignee*. Assignee does hereby represent and warrant that it has full power, authority and legal right to execute this Agreement, and shall cooperate with Assignor to fulfill its obligations under this Agreement to Assignee.

## 5. General Provisions.

5.1 *Enforceability*. This Agreement constitutes full understanding of the parties superseding any and all prior agreements, oral or written, and the binding obligations of the parties in accordance its terms except as may be limited by operation of law.

5.2 *Binding Effect*. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors, assigns, heirs, and legatees of the parties.

5.3 *Notices*. Any notices required to be provided hereunder shall be delivered to the address of each party as first stated above, or such other address of which each party may notice the other.

5.4 *Headings*. All headings contained herein are for convenience of reference and organization only, and shall not be construed or interpreted to be part of this Agreement, nor affect in any way its meaning or interpretation.

5.6 *Mutual Writing*. This Agreement has been drafted by mutual contribution of the parties, and shall not be construed against either party due to authorship.

5.7 *Counterparts*. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

5.8 *Advice of Counsel*. Assignor has sought independent legal advice or hereby waives the opportunity to seek such legal advice prior to the execution of this Agreement.

5.9 *Severability*. In the event any provision herein is deemed to be invalid, illegal, or unenforceable, such provision shall be removed, but all other provisions herein shall remain in full force and effect.

5.10 *Choice of Law*. This Agreement shall be interpreted in the law of Washington State, any disputes, claims, or controversies arising under or related to it shall be brought in a court of competent jurisdiction in King County, Washington. In the event of matter brought before a court, both parties waive its right to trial by jury, and specifically agree that any matter brought by either party may be decided by a bench trial, or if appropriate by arbitration under the rules of the court governing such procedure.

5.11 *Time of the Essence*. The parties hereto acknowledge that time is of the essence in the performance of all obligations under this Agreement.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Assignor: _____
LHR, Inc.
Wayne Lewis
President

Assignee: _____
Dilks & Knopik
Brian J Dilks
Member



# BILL OF SALE

For good and valuable consideration, receipt of which is hereby acknowledged, the undersigned, LHR Inc. ("Assignor"), hereby sells, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced claim(s).

The purchase price for the Purchased Claim(s) is $▬

CLAIM(S) ARE BEING SOLD "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE PURCHASE AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this Bill of Sale to be executed as of the Wednesday, September 14, 2016.

Debtor: Jeffrey A. Svreek
Court: United States Bankruptcy Court - Eastern District Of Wisconsin
Case Number: 11-24278-SVK
Chapter: 13
Original Creditor: LHR Inc.
Unclaimed Amount: $274.61
Claim #: 5

LHR Inc.

_____
Wayne Lewis
President